Loíza Sugar Co., demandante y apelante, *v.* Juan G. Gallardo, sustituído por Manuel V. Domenech, Tesorero de Puerto Rico, demandado y apelado.

No. 5392.—*Sometido:* Abril 8, 1931. *Resuelto:* Julio 5, 1933.

*Jaime Sifre Jr.* y *Horacio Franceschi,* abogados de la apelante; *Hon. Procurador General James R. Beverley* y *M. Rodríguez Serra, Procurador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

La corporación Loíza Sugar Company demandó al Tesorero de Puerto Rico para que le devolviese $4,789.56 que alega le cobró indebidamente por contribuciones sobre ingresos. Dictada sentencia en contra de sus pretensiones interpuso la presente apelación.

La corporación presentó al Tesorero su planilla de ingresos del 1 de agosto de 1917 al 31 de julio de 1918, que fué marcada con el número 41, y le fué impuesta como contribución de ingresos de acuerdo con la ley federal entonces vigente aquí la cantidad de $5,097.33, que pagó según el recibo número 21. También presentó otra planilla de ingresos por el mismo período de tiempo, que fué marcada con el número 159, para la contribución adicional de ingresos dispuesta por la Ley No. 59 de 1917 (II, pág. 385), y por ese concepto le fué impuesta como contribución la cantidad de $8,674.66 que la corporación pagó según el recibo No. 46. Posteriormente el Tesorero, actuando por la Ley No. 80 aprobada en junio de 1919, impuso a la corporación por el mismo período de tiempo y por la planilla No. 41 otra contribución sobre ingresos ascendente a $7,718.71, de la que dedujo los $5,097.33 pagados por el recibo No. 21, quedando así un resto de $2,621.38 para ser pagado. Solicitó la corporación que el Tesorero reconsiderase la imposición de esa contribución pero su solicitud fué negada por lo que acudió en alzada ante la Junta de Revisión e Igualamiento la que confirmó lo hecho por el Tesorero. Entonces la corporación pagó los $2,621.38. El pago de las mencionadas contribuciones no fué hecho bajo protesta. Este fué uno de los motivos que tuvo la corte inferior para declarar sin lugar la demanda.

La apelante no se queja en este pleito de que la contribución impuesta de acuerdo con la Ley No. 59 fuera improcedente, por lo que no tenía que recurrir en alzada de ella ante la Junta de Revisión e Igualamiento. Su reclamación es porque al imponérsele la contribución de acuerdo con la ley posterior No. 80 (Leyes de 1919, pág. 613) no se le abonó la parte proporcional a los meses de enero a julio 31, 1918, que había pagado de acuerdo con la Ley No. 59 y por eso es que solicita que se le devuelva la parte proporcional de esos meses que había pagado.

En cuanto a no haber hecho el pago bajo protesta sostiene la apelante que no era necesario que tal cosa hiciera

porque aun cuando es regla general que en esta clase de reclamaciones debe haberse hecho el pago en esa forma, tal regla tiene excepción cuando existe además otra ley que autoriza la reclamación sin el pago bajo protesta, siendo tal ley en este caso la de 12 de febrero de 1904, Estatutos Revisados, sección 2365. Esa ley dispone que siempre que resultare, ya fuere a solicitud de un contribuyente o por investigación practicada por el Tesorero o el Auditor, al hacer la revisión y corrección de los recibos de contribuciones, que se han cobrado cantidades de dinero por el Tesorero de Puerto Rico indebidamente o en exceso de la cantidad debida, el Auditor queda autorizado mediante la aprobación del Gobernador para librar una orden de pago a favor del contribuyente por la cantidad de dicho exceso o por la cantidad que se hubiere pagado indebidamente. Esa ley no es aplicable al caso presente porque sólo tiene por objeto autorizar la devolución de cantidades indebidamente cobradas cuando por investigación del Tesorero o del Auditor se llegue a la conclusión de que se han cobrado cantidades de dinero en exceso de las debidas. El pago bajo protesta era necesario en este caso porque la misma Ley No. 80 de 1919 de contribuciones sobre ingresos dispone en su sección 63 que las resoluciones de la Junta de Revisión e Igualamiento serán finales: y que el contribuyente deberá hacer el pago bajo protesta pudiendo interponer después la correspondiente demanda. La sección 66 de esa ley, comentada en el caso de *South Porto Rico Sugar Co.* v. *Benedicto, Tesorero,* 26 D.P.R. 505, no es aplicable a este caso porque allí se recurrió directamente a los tribunales de justicia contra la negativa de devolución por el Tesorero mientras que en el presente la resolución del Tesorero fué recurrida para ante la Junta de Revisión e Igualamiento y es contra ésta que se interpuso este pleito.

Cita también la apelante la sección 64 (*a*) de la Ley No. 74 aprobada el 6 de agosto de 1925 (pág. 527) en apoyo de que no tenía que hacer el pago bajo protesta para poder reclamar lo que indebidamente pagó. Dicha sección de esa

ley sobre contribuciones por ingresos dispone que cuando cualquier contribución por ingresos se hubiese pagado en exceso, el montante de dicho exceso será acreditado a cualquier contribución sobre ingresos o beneficios excesivos o a cualquier plazo de las mismas que estuviere vencido; y que cualquier remanente de dicho exceso será reintegrado inmediatamente al contribuyente. Esto no quiere decir que no haya que hacer el pago bajo protesta para poder reclamar lo pagado indebidamente. Además, posiblemente esa ley no estaba en vigor cuando el pago fué hecho y se presentó la demanda original pues la enmendada lo fué en 18 de agosto de 1925.

En vista de la conclusión a que llegamos es innecesario resolver si la cantidad que se reclama fué indebidamente cobrada y pagada.

*La sentencia apelada debe ser confirmada.*

Los Jueces Asociados Señores Wolf y Córdova Dávila no intervinieron.